UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ABBY G. ROBINSON AND                                                              APPELLANTS
RICKY E. ROBINSON

V.                                                      CIVIL ACTION NO. 3:23-CV-456-DPJ-ASH

BRIDGEWATER OWNERS                                                                  APPELLEES
ASSOCIATION, INC., ET AL.

ORDER

This dismissed bankruptcy appeal is before the Court on Appellants Abby and Ricky Robinsons' filing titled: "DEFENDANTS COURT ORDER RESPONSE INCORPORATED APPEAL ALREADY FILED WITH THIS DISTRICT COURT/ AND IN THE ALTERNATIVE THIS COURT IN SUA SPONTE, DISMISSAL BASED ON THE FACTS THAT SHOWS THIS MATTER HAS ALREADY BEEN LITIGATED AND LAWS OF MISSISSIPPI SUPREME COURT, THE 5TH CIRCUIT, AND THE U.S. STATES SUPREME COURT INCLUDING THE RECOGNIZED FULL FAITH AND CREDIT CLAUSE CALLS FOR THE DISMISSAL." Doc. [28] (Appellants' Response) (unaltered). Also pending is Appellee Bridgewater Owners Association, Inc.'s Motion to Dismiss [29] for lack of subject-matter jurisdiction.

The Court concludes that Appellants never filed a notice of appeal in the Bankruptcy Court, so the Court lacks subject-matter jurisdiction to hear the issues they wish to appeal. But even assuming jurisdiction exists, the Bankruptcy Court should be affirmed.

I.   Background

The parties have engaged in protracted litigation in state and federal court since 2015, including this adversary proceeding in Bankruptcy Court that began in 2020. The adversary

proceeding has produced numerous orders, and the Robinsons have twice appealed interlocutory orders by filing notices of appeal in the Bankruptcy Court. The first occurred in Civil Action No. 3:21-CV-545-DPJ-FKB (*Appeal I*). This Court dismissed that appeal because it lacked jurisdiction to review interlocutory orders. *See Appeal I* Order [22] at 5. The Robinsons appealed that ruling to the Fifth Circuit, which also dismissed for lack of jurisdiction. *Appeal I* USCA Order [27] at 1.

Once *Appeal I* returned from the Fifth Circuit, the Bankruptcy Court entered summary judgment for Bridgewater on the dischargeability of an attorney-fee award against the Robinsons in state court. That prompted the Robinsons to file a second notice of appeal in the Bankruptcy Court on July 17, 2023. Not. [1]. The Clerk of Court correctly opened the instant case as a new civil action—3:23-CV-456-DPJ-ASH (*Appeal II*).

Like *Appeal I*, *Appeal II* also appeared to address an interlocutory order. This Court therefore remanded *Appeal II* to the Bankruptcy Court for the limited purpose of clarifying whether its summary-judgment order was final. Order [12] at 2. The Court stated: "The bankruptcy court can . . . clarify whether its order granting summary judgment finally disposed of all issues in the adversary proceeding. *If the answer is yes*, then the Robinsons may renew their appeal, and the Court will decide the matter on the existing briefs." *Id.* (emphasis added).

On January 13, 2025, the Bankruptcy Court entered an order [15] finding that summary judgment for Bridgewater on the dischargeability issue did not resolve all issues Bridgewater lodged in the adversary proceeding. Bankr. Order [15] at 4–5. And because "[t]he summary-judgment holding was . . . an interlocutory order over which the Court [did] not have subject-matter jurisdiction on appeal," the Court dismissed *Appeal II* in a separate order entered January 22, 2025. Order [18] at 3.

Significant to the current dispute, the January 2025 Order [18] closed *Appeal II*. But because the Robinsons had emailed chambers asking how to perfect an appeal once the Bankruptcy Court entered final judgment, *id.* at 2, the Court offered this guidance:

> Once final judgment is entered by the Bankruptcy Court, the Robinsons may appeal as of right by filing a notice of appeal *in the Bankruptcy Court* under Rules 8002 and 8003. There may be other procedural ways to again appeal from the Bankruptcy Court, but this Court has not researched them and would be reluctant to offer an advisory opinion, especially when the case is now remanded to the Bankruptcy Court for further proceedings. If the Robinsons choose to file another notice of appeal after the Bankruptcy Court rules, the Court will contact the parties to identify ways to expedite a conclusion.

*Id.* at 4 (emphasis in Order [18]). On July 29, 2025, the Bankruptcy Court, on motion of Bridgewater, dismissed Bridgewater's remaining claims and entered final judgment. Bankr. Final J. [29-1] at 2–3.

Rather than follow the Court's instruction to file a notice of appeal in the Bankruptcy Court—as they had done twice before—the Robinsons filed Appellants' Response [28] in this already dismissed case:

> **COMES NOW, Debtors,** by and through counsel and files this appeal response pursuant to the district court's order that plaintiff can re-submit and incorporate already filed appeal, after the bankruptcy has entered its final order on summary judgment. As a result, the bankruptcy court entered its final judgment on July 29, 2025, and the words "FINAL JUDGMENT" is in the caption. Not withstanding the district court's order that seems to cause respondents not to refile the contents of the appeal based in U.S. Full Faith and Credit, and its laws, respondent respectfully ask that this court considers its order <u>and the already filed pleading, and its exhibits as adopted hereto</u>.

Appellants' Resp. [28] at 2 (unaltered).

Appellees quickly moved to dismiss, arguing that the Court lacks jurisdiction because Appellants never filed a timely notice of appeal following final judgment. Mot. [29] at 2–4.

3

That prompted three additional filings from the Appellants [30, 31, 32], all of which present the same issues and arguments.[1]

II.     Analysis

As the Court noted in its January 22, 2025 Order [18], the proper way to appeal final judgment is a notice of appeal filed in the Bankruptcy Court under Federal Rules of Bankruptcy Procedure 8002 and 8003.  Order [18] at 4.  That would have opened a new appeal of the final judgment as was done before.  As is, the Court must consider (1) whether the Robinsons filed a timely notice of appeal and (2) the Robinsons' other arguments for denying Bridgewater's motion.

   A.     Whether the Robinsons Filed a Notice of Appeal

Under Rule 8002(a)(1), "a notice of appeal must be filed with the bankruptcy clerk within 14 days after the judgment, order, or decree to be appealed is entered."  This "time limit is jurisdictional." *In re Berman-Smith*, 737 F.3d 997, 1003 (5th Cir. 2013).  Thus, without a timely notice of appeal, the district court is "without jurisdiction to hear the appeal." *Id.*

"A notice of appeal must:  (A) conform substantially to Form 417A; (B) be accompanied by the judgment--or the appealable order or decree--from which the appeal is taken; and (C) be accompanied by the prescribed filing fee."  Fed. R. Bankr. P. 8003(a)(3).  Appellants' Response —filed in this Court—fails to comply with any of the requirements for a notice of appeal under Rule 8003(a)(3), indicating that it was not intended as a notice of appeal.

There are, however, provisions under the Federal Rules of Bankruptcy Procedure to protect errant filers.  For example, when a notice of appeal is filed in the wrong court, the Clerk

---

[1] The Robinsons titled their filings Rebuttal [30], Response [31], and Memorandum [32]; the Court has used the titles they assigned.

4

of Court must redirect it to the Bankruptcy Court. Fed. R. Bankr. P. 8002(a)(4). And under Rule 8003(a)(2), defects in a timely notice of appeal are non-jurisdictional, which gives the Court discretion whether to dismiss on that basis or impose other sanctions. *See In re Royal Alice Props., L.L.C.*, 159 F.4th 355, 360 (5th Cir. 2025).

But the Robinsons don't seek those remedies. They neither suggest that the Clerk should have construed Appellants' Response as a notice of appeal under Rule 8002(a)(4) nor do they ask the Court to now construe it that way and impose lesser sanctions for violating Rule 8003(a)(3). They instead describe Appellants' Response in ways that suggest they never intended for it to be a notice of appeal, referring to it as their "re-urged appeal," Appellants' Rebuttal [30] at 7, as "Appellant's [sic] appeal brief," *id.* at 4, and as their "COURT ORDER RESPONSE INCORPORATED APPEAL ALREADY FILED," Appellants' Resp. [28] at 1 (emphasis added). *See also id.* at 2 (referring to notice of appeal as "already filed pleading"). Perhaps the best evidence that the Robinsons did not file a notice of appeal is the fact that they explain in one submission why they didn't file a notice of appeal. *See* Appellants' Rebuttal [30] at 2.

The Court will not address arguments the Robinsons never made and the parties never briefed. Nor will it construe their Appellants' Response as a notice of appeal, something they apparently never intended. The Court will, however, address the Robinsons' stated reason for not filing a notice of appeal and their other arguments for denying Bridgewater's motion.

B.     The Reason the Robinsons Did not File a Notice of Appeal

The Robinsons say they didn't file a notice of appeal because the Court instructed them not to. *See, e.g., id.* The Court did not invite this procedure.

5

The Court stated in the limited remand that if the Bankruptcy Court clarified that the appealed-from order was final, "then the Robinsons may renew their appeal, and the Court will decide the matter on the existing briefs."  Order [12] at 2.  But when the Bankruptcy Court stated that the adversary proceeding remained open, the Court dismissed *Appeal II*.  Order [18].  Thus, the option to renew the still-pending appeal ended when the appeal was dismissed.  And that same Order answered the Robinsons' email asking how to appeal once final judgment occurred: "Once final judgment is entered by the Bankruptcy Court, the Robinsons may appeal as of right by filing a notice of appeal *in the Bankruptcy Court* under Rules 8002 and 8003."  *Id.* at 4 (emphasis in original).  Those instructions were correct.

But even if erroneous, the Robinsons may not argue that they were lulled into inaction.  Before 2007, "the courts of appeals had excused noncompliance with civil appellate filing rules if 'unique circumstances' existed, and they had singled out erroneous advice from the district court as one such circumstance."  *Gleason v. Jansen*, 888 F.3d 847, 852 (7th Cir. 2018) (citing *Bowles v. Russell*, 551 U.S. 205, 214 (2007)).  That ended in *Bowles* when the Supreme Court held that "[b]ecause this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate."  551 U.S. at 214; *see Colbert v. Brennan*, 752 F.3d 412, 416 (5th Cir. 2014) ("[N]o equitable exception can overcome this jurisdictional defect." (citing *Bowles*, 551 U.S. at 214)).

Finally, the Robinsons cite no authority suggesting that the Court's instructions create an exception to the jurisdictional filing deadline, so the argument is "forfeited."  *Scroggins v. City of*

*Shreveport*, 155 F.4th 755, 756 (5th Cir. 2025) (citing *Rollins v. Home Depot USA*, 8 F.4th 393, 397 n.1 (5th Cir. 2021)).[2]

      C.      The Robinsons' Other Arguments

Though they never claim to have filed a timely notice of appeal, the Robinsons say the motion to dismiss [29] should be denied because (1) Bridgewater lacks standing to file a motion to dismiss; (2) Bridgwater failed to file a brief supporting its motion to dismiss; and (3) Bridgewater failed to follow the local rules of this Court. They also say Bridgewater's motion should be denied under Federal Rule of Civil Procedure 12(b)(6). Essentially verbatim versions of these arguments appear in the Robinsons' three opposition briefs [30, 31, 32].

***Bridgewater's standing.*** The Robinsons' primary argument throughout their briefs is that Bridgewater lacks standing to file a motion to dismiss because Bridgewater voluntarily dismissed certain claims in the adversary proceeding. *See, e.g.*, Appellants' Mem. [32] at 1–2. But because the Robinsons cite "no relevant authority, [they have] forfeited the argument." *Scroggins*, 155 F.4th at 756.

Even if not forfeited, the Court finds that standing exists. The Robinsons challenge rulings favorable to Bridgewater in the Bankruptcy Court. As the appellee in this attempted

---

[2] Under Rule 8002(d)(1)(B), "the bankruptcy court may, on motion, extend the time to file a notice of appeal" based on "excusable neglect." The Robinsons never sought an extension and have not argued that excusable neglect applies. Nor could they. First, the 21-day deadline to seek this relief has expired. *Id.* Second, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993), *quoted in In the Matter of: Prism Graphics, Inc.*, 666 F. App'x 355, 358 (5th Cir. 2016) (affirming district-court holding that bankruptcy court did not abuse its discretion when denying motion to extend deadline) (citing *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 469 (5th Cir. 1998) ("[A] misconstruction of the rules—especially when their language is plain—will rarely satisfy the 'excusable neglect' standard.")).

7

appeal, Bridgewater has standing to assert a jurisdictional defect, and the Federal Rules of Bankruptcy Procedure allow parties to an appeal to file motions. *See* Fed. R. Bankr. P. 8013.

*Failure to file a responsive brief.* The Robinsons believe Bridgewater should have filed a brief opposing Appellants' Response instead of a motion to dismiss. Appellants' Mem. [32] at 6. They cite only Federal Rule of Appellate Procedure 27, which provides the procedures for filing motions in appellate cases. *Id.* Bridgewater argues that the Federal Rules of Bankruptcy Procedure apply instead. Appellee's Reply [33] at 2; *see* Fed. R. Bankr. P. 8001(a). Regardless, nothing in Rule 27 suggests that an appellee is required to file a responsive brief in a court lacking jurisdiction to hear that appeal. And even if such a duty did exist, the Robinsons cite no authority suggesting that this alleged procedural violation could create subject-matter jurisdiction when none exists. It would not. Even without a motion from Bridgewater, appellate courts must ensure that jurisdiction exists and "address it, sua sponte if necessary." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (quoting *Castaneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999)). This argument does not overcome Bridgewater's jurisdictional arguments.

*Failure to follow local rules.* The Robinsons similarly say the motion to dismiss should be denied because Bridgewater failed to file a separate memorandum supporting its motion as Uniform Local Rule 7(b) requires. Appellants' Mem. [32] at 5. Bridgewater responds that the Federal Rules of Bankruptcy Procedure apply to this appeal rather than the Uniform Local Rules. Appellee's Reply [33] at 2. But as with the previous argument, the Robinsons cite no authority suggesting that the failure to file a separate brief as required under the local rules creates subject-matter jurisdiction. This argument also does not overcome Bridgewater's jurisdictional arguments.

***Rule 12(b)(6).***  The Robinsons cite Mississippi cases citing Rule 12(b)(6), *see* Appellants' Mem. [32] at 6–7, but Bridgewater never moved to dismiss for failure to state a claim, it asserted lack of jurisdiction.  Mot. [29] at 2–4.

To summarize, the Robinsons never filed a notice of appeal in the Bankruptcy Court and never claim to have.  Nor do they seek the relief that exists when litigants file a defective notice of appeal.  Finally, none of their arguments would create subject-matter jurisdiction without a timely notice of appeal.  The Court therefore agrees with Bridgewater that the Robinsons failed to file a timely notice of appeal, so there is no subject-matter jurisdiction.  *See In re Royal Alice Props., L.L.C.*, 159 F.4th at 360. [3]  Without jurisdiction, this case must remain closed.[4]

---

[3] It is unclear whether Bridgewater's motion to dismiss should be granted because, technically speaking, there is no open case to dismiss.  But the net result remains the same.  This Court lacks jurisdiction to hear the issues the Robinsons assert in Appellants' Response [28].

[4] Assuming Appellants' Response [28] could be viewed as a timely but defective notice of appeal, the Bankruptcy Court should be affirmed on the merits.  Out of an over-abundance of caution and a desire for finality, the Court has reviewed the merits of the full-faith-and-credit argument asserted in Appellants' Response.  This is the only issue specifically addressed in that submission, and the Robinsons have since clarified, "This appeal facts are based in the United States Full Faith and Credit Clause."  Appellants' Mem. [32] at 7 n.1 (unaltered).  Any other issues are forfeited.  *See DeVoss v. Sw. Airlines Co.*, 903 F.3d 487, 489 n.1 (5th Cir. 2018) (citations omitted) (noting that failure to adequately brief argument forfeits claim on appeal).  Whether full faith and credit applied to the dischargeability of the attorney-fee award against the Robinsons is a discrete question of law that the Robinsons have briefed at least eight times in the Bankruptcy Court and this Court.  *See* Appellants' Resp. [28], Appellants' Br. [7], Appellants' Reply [10]; *see also* Bankr. R. [5-3] at 8 (Dkt. [22]), 76 (Dkt. [23]); Bankr. R. [5-4] at 26 (Dkt. [116]), 191 (Dkt. [120]), 200 (Dkt. [122]).  Each time, the Robinsons have said full faith and credit, or related doctrines, apply without citing any authority that would have precluded the Bankruptcy Court from deciding this dischargeability issue.  The Bankruptcy Court rejected their argument in a thorough opinion supported by binding precedent.  *See* Bankr. Order [1-1] at 19–22.  This Court's de novo review reaches the same conclusion for essentially the same reasons.  *See, e.g., In re Schwager*, 121 F.3d 177, 181 (5th Cir. 1997) (holding that despite preclusion, which "is a function of the full faith and credit statute," "the bankruptcy court retains jurisdiction to ultimately determine the dischargeability of the debt") (quoting *In re Gober*, 100 F.3d 1195, 1201 (5th Cir. 1996)).

III.     Conclusion

The Court has considered all arguments raised by the parties; those not specifically addressed would not have changed the result.  For the reasons explained, the Court finds Appellants failed to file a timely notice of appeal.  Thus, there is no subject-matter jurisdiction.  Appellee's motion to dismiss is terminated as moot; this action remains closed.[5]

**SO ORDERED AND ADJUDGED** this the 15th day of January, 2026.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[5] Alternatively, if subject-matter jurisdiction existed, the Court reaches the same conclusion as the Bankruptcy Court for essentially the same reasons.  Considering the merits, the finding of the Bankruptcy Court would be affirmed.